# GRANIK SILVERMAN & HEKKER

DAVID W. SILVERMAN, ESQ.
ADMITTED IN N.Y. & D.C.

DIRECT DIAL (845) 639-3143

254 SOUTH MAIN STREET - SUITE 516
NEW CITY, NEW YORK 10956-3340

TEL (845) 634-8822
FAX (845) 634-8364

May 18, 2006

The Honorable John Gleeson, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Application granted.
So ordered
s/John Gleeson
6-21-06

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 28 2006 ★
BROOKLYN OFFICE

Re: **Chao v. Marks, et al.**
CV 01-4569 (JG)(MDG)

Honorable Sir:

As the Court records indicate in the above referenced matter, all litigation has been concluded. The main action brought by the Secretary of Labor has resulted in consent judgments which have not, in turn, resulted in the transfer of any funds to me, as independent fiduciary. As previously reported to the Court, I, in my capacity as independent fiduciary, commenced a supplemental action against various parties who began and participated in this health care scheme. It was anticipated that those who were so involved, having violated ERISA mandates, would be responsible for the pro rata share of the losses they caused to the employee benefit plans (the "Plans"). We communicated with the Plan participants and the suppliers of medical services whose bills were not paid by the Plans, and after all of the responses and bills were reviewed and collated, the amount of unpaid invoices exceeds $100,000.

The reality of the situation is that not only did the consent judgments entered into by the defendants and the Department of Labor (the "DOL") not produce any assets, but I was only able to collect the sum of $47,792.73 from the supplemental defendants. Of the invoices submitted to the Court for legal services rendered through September 30, 2005 by this firm and outside counsel, which totaled $67,351.33, the amount of $35,957.25 remains unpaid due to the scarcity of funds. Under the circumstances, we have not prepared any invoice for services rendered post September 2005.

The information given to me by the DOL in this matter was sparse and did not provide the necessary facts and delineation of parties who were involved in this scheme of health care fraud. Various principals consented to judgments, but the judgments, as above set forth, produced no sums of money for distribution. I have been involved in other court appointments which anticipated actions against third parties dealing with similar schemes and, for the most part, have been successful

in collecting enough money to make some distribution. Unfortunately, this particular health care scheme, because of the paucity of information as to responsible parties and the inability to collect funds pursuant to the consent judgments, greatly limited my efforts on behalf of the participants. I previously reported this information to the Court in my quarterly reports and pointed out that though the Court was asked to approve our invoices, the financial wherewithal to defray those invoices was not available. We are now faced with the fact that no further monies can be collected and that any attempt to distribute the small amount which is available would result in administrative charges in excess of that on deposit.

We enclose herewith an accounting as of May 17, 2006. As set forth on the accounting, the present balance on hand is $14,991.05. The cost of making any distribution, which distribution would be less than one percent, would exceed the amount on deposit. The purpose of this letter, therefore, is to request the Court's permission to take the balance on account in the sum of $14,991.05, and apply that sum to the invoices previously approved for payment by the Court.

The participants are still protected in view of Your Honor's all writs injunction prohibiting any supplier of medical services from bringing an action against the participants.

I would be pleased to follow any recommendation made by the Court. In the event that the Court should grant this request, it would be appreciated if the Court would endorse a copy of this application and return it to me in the enclosed envelope.

Respectfully yours,

David W. Silverman

DWS/eo
Enclosures

cc: The Hon. Marilyn D. Go, U.S.M.J.
    Louis De Bernardo, Esq.

# U.S. ALLIANCE - ACCOUNTING AS OF 5/17/06

Amounts Received by Fiduciary:

| | |
|---|---:|
| Settlement funds from Viking Agency, Inc. | $ 2,997.35 |
| Settlement funds from Big Z | 2,852.67 |
| Settlement funds from Tina Daniels | 3,000.00 |
| Settlement funds from A.L. Carr Agency | 1,000.00 |
| Settlement funds from Innovative Solutions Plus | 2,913.71 |
| Settlement funds from Brokernet/NetPay | 5,000.00 |
| Settlement from Prestige Marketing | 24,400.00 |
| Settlement payments from Culhane defendants | 5,629.00 |
| Interest to date | 92.40 |
| Total Income: | $47,885.13 |

Amounts Expended by Fiduciary:

| | |
|---|---:|
| Payments to Tydings & Rosenberg | 280.25 |
| Payment to Wadkovsky & Mowell, Esqs. | 500.00 |
| Payment to Goldman & Vetter, P.A. | 1,000.00 |
| Payment to Rockland & Orange, court reporter | 78.80 |
| Partial payments of legal invoice of Granik Silverman | 31,035.03 |
| Total Expenditures: | $32,894.08 |

Balance in bank account: **$14,991.05**

(The amount of legal fees and disbursements still due to the Independent Fiduciary for invoices through September 30, 2005 is $35,957.25.)

Default judgments were entered against the following defendants on November 30, 2004:

| | |
|---|---:|
| Pinnacle Marketing Group and Pinnacle Resources | $383,434.10 |
| Miller Financial Services and Brad Miller | $ 29,614.44 |
| Group Benefits, Inc. | $ 28,868.78 |